## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**Frank Armendariz,**

    **Plaintiff,**

v.               **Case No. 05-2200-JWL**

**Cargill, Incorporated,**

    **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff filed suit against defendant, his former employer, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C.§ 2000e et seq.  This matter is presently before the court on defendant's motion for judgment on the pleadings (doc. #27).  For the reasons explained below, defendant's motion is granted in part and denied in part.

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is analyzed under the same standard applicable to a Rule 12(b)(6) motion.  *See Society of Separationists v. Pleasant Grove City*, 416 F.3d 1239, 1241 (10th Cir. 2005).  Thus, judgment on the pleadings is appropriate "only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief," *id.*, or when an issue of law is dispositive.  *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

Defendant first contends that judgment on the pleadings is appropriate to the extent plaintiff purports to assert claims in his complaint other than a claim for discriminatory discharge based on his national origin on the grounds that plaintiff has failed to exhaust his administrative remedies with respect to any other claims.  Specifically, defendant maintains that plaintiff did not set forth any additional claims in the charge of discrimination that he filed at the administrative level.  In response, plaintiff clarifies that he intends to assert in

his complaint only a claim for discriminatory discharge based on his national origin and that he does not intend to assert any other claims. Indeed, plaintiff expressly states that he does not object to defendant's motion on this issue. Thus, defendant's motion is granted in this respect and plaintiff's complaint is deemed limited to asserting a claim for discriminatory discharge based on plaintiff's national origin.

Defendant also contends that judgment on the pleadings is warranted on plaintiff's discriminatory discharge claim for failure to exhaust administrative remedies in that plaintiff failed to file a charge of discrimination with the Kansas Human Rights Commission (KHRC). Defendant's counsel presented this identical argument on behalf of another defendant in a previous case before this court and the court rejected the argument in a detailed opinion. *See Novotny v. Coffey County Hospital*, 2004 WL 1052785 (D. Kan. May 10, 2004). As the court explained in *Novotny*, in a deferral state like Kansas, Title VII requires a complainant to exhaust state administrative remedies before filing a charge with the EEOC and gives the state an exclusive 60-day deferral period to complete its investigation. *See* 42 U.S.C. § 2000e-5. In this case, as in *Novotny*, plaintiff filed a charge of discrimination with the EEOC but did not first file a separate charge of discrimination with the KHRC. Defendant contends that plaintiff's failure to file first a separate charge with the KHRC is fatal in light of the express statutory language of Title VII requiring that proceedings be commenced under state law. *See id.* As the court noted in *Novotny*, however, the Supreme Court has held that "[n]othing in [Title VII] suggests that the state proceedings may not be initiated by the EEOC acting on behalf of the complainant rather than by the complainant himself." *See Love v. Pullman Co.*, 404 U.S. 522, 525 (1972). Based on this language, courts in this district have consistently held that "[a] claimant may either file the charges directly with the state agency or file them with the EEOC and rely on the EEOC to refer them to the proper state agency." *See Novotny*, 2004 WL 1052785 at *2 (collecting cases).

2

Defendant contends, as counsel for defendant did in *Novotny*, that the Kansas Court of Appeals' decision in *Hughs v. Valley State Bank*, 26 Kan. App. 2d 631 (1999) clearly established the requirement that a complainant file a separate state charge. In *Hughs*, the Kansas Court of Appeals considered whether the plaintiff's filing of a retaliation charge with the EEOC, which was filed and forwarded to the KHRC, "was sufficient to initiate a state agency proceeding" under the Kansas Act Against Discrimination (KAAD) and concluded that such filing was not sufficient. *Id*. at 637-42. As this court explained in *Novotny*, however, the *Hughs* opinion did not purport to analyze the relevant statutory text of Title VII and simply has no bearing on the issue of exhaustion of administrative remedies under Title VII. Rather, *Hughs* merely stands for the proposition that KAAD claims must be dismissed for failure to exhaust state administrative remedies if the complainant does not file a separate charge with the KHRC. See *Novotny*, 2004 WL 1052785 at *3 (collecting cases). Here, as in *Novotny*, the only claim at issue is a Title VII claim, and thus *Hughs* does not dictate a different result.

Defendant also urges the court to follow the Fourth Circuit's holding in *Davis v. North Carolina Department of Corrections*, 48 F.3d 134 (4th Cir. 1995), wherein the Circuit held that the district court could not properly exercise removal jurisdiction over plaintiff's complaint of race discrimination because the EEOC never investigated plaintiff's claim and never issued a right-to-sue notice. The court in *Novotny* declined the invitation to follow *Davis* for a variety of reasons and does so again here. Significantly, *Davis* in no way suggests that a complainant must file a separate charge of discrimination with the state agency; it suggests only that the charge that is filed (whether it be filed with the EEOC or the state agency) must seek relief under the applicable state law in addition to any federal laws. In other words, the charge cannot be expressly limited to the pursuit of a federal claim. The plaintiff in *Davis* insisted that he had brought only a Title VII claim and the

state agency addressed only that claim, despite the conceded applicability of state discrimination laws. 48 F.3d

at 141. For that reason, the Circuit concluded that the case was "something of an aberration" and held that

proceedings under state law had never been commenced. *Id*.

Moreover, the Fourth Circuit, five years after its *Davis* opinion, decided *Puryear v. County of*

*Roanoke*, 214 F.3d 514 (4th Cir. 2000), a case with facts similar to those presented here and wherein the

Circuit found *Davis* "readily distinguishable" and concluded that the plaintiff had commenced proceedings under

state law despite the fact that she had only filed a charge of discrimination with the EEOC and did not file a

separate charge with the state agency. In *Puryear*, the Fourth Circuit rejected the defendant's argument that

the plaintiff, by failing to file a charge with the state agency, failed to commence proceedings under state law.

214 F.3d at 518. According to the Circuit, the worksharing agreement between the EEOC and the state

agency expressly enables a plaintiff, by filing charges with the EEOC, to commence proceedings with both the

state agency and the EEOC. *Id*. at 519. Distinguishing *Davis*, the Fourth Circuit noted that the plaintiff did

not disavow state law claims. *Id*. at 519, 522. Here, as in *Puryear*, plaintiff has not expressly disavowed state

law claims. His charge of discrimination sets forth factual allegations of the conduct that he believes constitutes

unlawful discrimination. While he does not reference specific state laws in his charge, he is not required to do

so. *See id.* at 522. Moreover, defendant does not dispute that the EEOC and the KHRC, like the agencies

in *Puryear*, are parties to a worksharing agreement whereby a plaintiff's filing of a charge with the EEOC

operates to commence proceedings under state law as well.[1] While defendant contends that the Kansas Court

---

[1]While defendant suggests that the court should ignore the worksharing agreement in
resolving defendant's motion, the court declines to do so as the agreement is central to the issues
raised by the motion and it is a matter of public record of which the court may take judicial
notice. *See* Fed. R. Evid. 803(8); *Taylor v. West Oregon Elec. Co-op., Inc*., 2005 WL

4

of Appeals decision in *Hughs* limits the KHRC's ability to enter into a worksharing agreement with the EEOC, the court rejects this argument for the reasons explained above.

In sum, the court finds no merit to defendant's argument that plaintiff was required to file a separate charge of discrimination with the KHRC.

**IT IS SO ORDERED.**

Dated this 12th day of January, 2006, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

2709540, at *1 (D. Or. Oct. 21, 2005) (taking judicial notice of worksharing agreement); *Walker v. Northwest Airlines, Inc.*, 2004 WL 114977, at *2 (D. Minn. Jan. 14, 2004) (same and citing cases); *Fowler v. District of Columbia*, 122 F. Supp. 2d 37, 40 n.4 (D.D.C. 2000) (same); *Bolinsky v. Carter Machinery Co.*, 69 F. Supp. 2d 842, 845 n.5 (W.D. Va. 1999) (same).

5